UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASMINE DAVIS<br><br>    Plaintiff,<br><br>v.<br><br>McBERG, INC. and THE SANFORD HOUSE, LTD., d/b/a THE SANFORD HOUSE INN AND SPA<br><br>    Defendants. | CIVIL ACTION NO. 3:20-cv-3556<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff JASMINE DAVIS ("Plaintiff"), by and through her attorneys, ELLWANGER LAW LLLP, brings this action for damages and other legal and equitable relief from Defendants, McBERG, INC., and THE SANFORD HOUSE, LTD. (Collectively "Defendants" or "The Sanford House Inn"), for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. Jasmine Davis was a successful Receptionist and Event Server at the Sanford House Inn. She was, on almost a daily basis, subjected to sexually harassing comments on the job from supervisors and co-workers at The Sanford House Inn. Ms. Davis reported this harassment to management in April 2018. Ms. Davis was subjected to a retaliatory termination within the month. Ms. Davis now brings sex discrimination, sexual harassment, and retaliation claims under Title VII, the TLC, and any other causes of action that can be inferred from the facts set forth herein.

ORIGINAL COMPLAINT

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.*, as amended.

3. The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

5. Plaintiff is a person who has been aggrieved by Defendants' actions. She is, and has been, at all relevant times, a resident of Dallas County, Texas.

6. At all relevant times, Plaintiff was Defendants' employee and therefore covered by Title VII and the TLC.

7. McBerg, Inc. is a corporation with a registered office at 2500 Canyon Ridge Court, Arlington, TX 76006. Upon information and belief, McBerg, Inc. has at least 15 employees.

**ORIGINAL COMPLAINT**

8. The Sanford House, Ltd. is a corporation with a registered office at 2500 Canyon Ridge Court, Arlington, TX 76006. Upon information and belief, The Sanford House, Ltd. is wholly owned and controlled by McBerg, Inc.

9. Upon information and belief, McBerg, Inc. and The Sanford House, Ltd. both own and operate The Sanford House Inn & Spa location at 506 N Center St, Arlington, TX 76011 where Plaintiff was employed.

10. Defendants transacted business in Texas by, among other things, employing persons at facilities located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

12. On September 8, 2020, Plaintiff was mailed her Notice of Right to Sue.from the EEOC.

## STATEMENT OF FACTS

13. Ms. Davis was a receptionist and Event Server at The Sanford House Inn, owned and operated by McBerg, Inc., from around January 2016 to April 2018.

14. Throughout her employment, Ms. Davis was subjected to sexually harassing comments and including unwelcome lewd remarks, insinuations, and insults. After she reported the harassment, Ms. Davis was terminated in retaliation for engaging in protected activity

15. In or around February 2016, Ms. Davis was sexually harassed by a bartender employed by The Sanford House Inn. This bartender would make inappropriate sexual comments and slapped Ms. Davis's buttocks without consent. Though she reported the harassment, The Sanford House Inn did not take prompt remedial action to correct the harassment and failed to take

ORIGINAL COMPLAINT

sufficient steps to prevent further harassment, including but not limited to providing sexual harassment training to their employees.

16. The Executive Chef made frequent sexually explicit remarks about Ms. Davis and other female employees.

17. For example, in or around December 2017, Ms. Davis walked into work and heard the Executive Chef comment that Ms. Davis "needed to be fucked in the ass."

18. On or around April 4, 2018, the Line Cook reported the Executive Chef's harassing sexual comments to management. Management then fired the Line Cook in retaliation for reporting the Executive Chef's sexual comments.

19. On or around April 4, 2018, management spoke with Ms. Davis and informed her that they terminated the Line Cook. They asked if she had any complaints and Ms. Davis reported the numerous inappropriate sexual comments that the Executive Chef had made to her.

20. Forty minutes later, management sent Ms. Davis a text message to work an event on April 21, 2018 from 5:30 PM until midnight. However, when Ms. Davis went to work the event, she learned that the other Event Servers had been told to arrive at the event at 4:30 PM.

21. On or around April 25, 2018, Ms. Davis was terminated for pretextual attendance issues. She was told that she was being terminated because she had been an hour late to the event on April 21, 2018. Ms. Davis explained that she had been told to work the event at 5:30 PM but was still terminated.

22. After Ms. Davis' retaliatory termination, The Sanford House Inn posted a notice stating that Ms. Davis had been fired and that she was not welcome on the premises. The notice also stated that if anyone saw Ms. Davis on the premises, they were required to report it. This

**ORIGINAL COMPLAINT**

4

notice was retaliatory and discriminatory as The Sanford House Inn did not post a similar notice when another employee was terminated one month before.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Hostile Work Environment)

23.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

24.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have subjected Plaintiff to a sexually hostile work environment.

25.     Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

26.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27.     Plaintiff lodged complaints with Defendants regarding the sex discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under Title VII.

28.     Defendants retaliated against Plaintiff by terminating her employment for pretextual reason for engaging in protected activity.

29.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

30.     Plaintiff's requests for relief are set forth below.

### AS AND FOR AN THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Hostile Work Environment)**

31. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

32. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq., as Defendants have subjected Plaintiff to a sexually hostile work environment.

33. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.***
**(Retaliation)**

34. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

35. Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under the TLC.

36. Defendants retaliated against Plaintiff by terminating her for pretextual reasons.

37. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*.

38. Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*,

B. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses such as humiliation and embarrassment.

C. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious and reckless conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of sex harassment and retaliation for all of Defendants' employees;

I. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination including but not limited to sex harassment or retaliation;

J. Active monitoring of the work areas to ensure compliance with discrimination policies;

K. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all matters raised in her Complaint.

Dated: December 3, 2020                    Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**Ellwanger Law LLLP**
400 S. Zang Blvd., Suite 1015
Dallas, Texas 75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFF**